```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION
```

**BANK OF AMERICA, N.A.**                                         PLAINTIFF

          v.           Civil No. 12-5033

**PETTY PROPERTIES, LLC;**
**CORWIN D. PETTY; RACHEL PETTY;**
**CORWIN D. PETTY, M.D., P.A.;**
**NUEREFLECTIONS EQUIPMENT INC.**                                 DEFENDANTS

### MEMORANDUM OPINION

Now on this 15th day of January, 2013, comes on for consideration plaintiff's **Motion For Summary Judgment** (document #26), and from said motion, and the Stipulation Of Facts filed jointly by all parties, the Court finds and orders as follows:

1.  Plaintiff Bank of America, N.A. ("BOA") brought suit, contending that defendant Petty Properties, LLC ("Petty Properties") borrowed money from it, promising to repay that money and giving BOA a security interest in personal property purchased with the borrowed funds.

BOA further alleged that defendants Corwin Petty; Rachel Petty; Corwin D. Petty, M.D., P.A.; and Nuereflections Equipment Inc. ("Nuereflections") guaranteed payment of the debt of Petty Properties.

BOA further alleged that Petty Properties defaulted on its obligations, and sought both a money judgment and an order of delivery to replevy the personalty.  BOA also sought pre- and post-judgment interest, attorney's fees and collection costs.

2. Corwin Petty and Rachel Petty filed bankruptcy proceedings, and the case was administratively terminated as to them.

3. BOA now asserts that it is entitled to summary judgment *in personam* as against Petty Properties, Corwin D. Petty, M.D., P.A., and Nuereflections, and *in rem* as against the personalty.

4. Pursuant to **F.R.C.P. 56**, upon motion the Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

5. In the case at bar, there is no dispute as to the material facts. The parties submitted a Stipulation Of Facts which establishes the following:

\*   By documents executed on April 7, 2008, and April 17, 2008, Petty Properties promised to pay BOA $320,489.20, plus interest, and granted BOA a security interest in the personalty purchased with the borrowed funds (the "Collateral" as that term is defined in the Complaint).

\*   Repayment of the loan was guaranteed by Corwin D. Petty, M.D., P.A., and Nuereflections.

\*   BOA properly perfected its security interest in the Collateral.

\*   Petty Properties defaulted on its obligations, leaving a balance due, as of March 28, 2012, of $245,549.36, inclusive of

costs and interest.

    \*   BOA's claims against Corwin Petty and Rachel Petty should be dismissed without prejudice.

    \*   BOA should be granted joint and several judgment, *in personam* as against Petty Properties, Corwin D. Petty, M.D., P.A., and Nuereflections, and *in rem* as against the Collateral, in the sum of $245,549.36, plus interest at 13.8% per annum from March 28, 2012, to the date of judgment.

    6.   Based on the stipulated facts, the Court finds that plaintiff's Motion For Summary Judgment should be granted, with two modifications to the nature of the collateral subject to judgment.

    First, the Collateral as defined in BOA's Complaint includes "all patient lists, files and records."  The Court perceives no basis to release this information to BOA, in light of the privacy concerns attendant thereon, and in light of the fact that all of Petty Properties' accounts and receivables are included in the definition of Collateral.  Patient lists, files and records will not, therefore, be included in the collateral subject to judgment.

    Second, the Collateral also includes any right, title or interest that Corwin Petty or Rachel Petty might have in the books, records and data relating to the Collateral.  Corwin Petty and Rachel Petty have sought the protection afforded them by the Bankruptcy Code, and these proceedings -- as to them -- are being

reopened only to dismiss BOA's claims against them. The Court therefore considers it inappropriate to include their rights in the definition of collateral subject to judgment.

**IT IS THEREFORE ORDERED** that plaintiff's **Motion For Summary Judgment** (document #26) is **granted.**

**IT IS FURTHER ORDERED** that the case, as against Corwin Petty and Rachel Petty, is **reopened.**

**IT IS FURTHER ORDERED** that judgment in accordance herewith will be entered immediately.

**IT IS SO ORDERED.**

                                            /s/ Jimm Larry Hendren
                                          **JIMM LARRY HENDREN**
                                          **UNITED STATES DISTRICT JUDGE**